# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 25-3120

———————————————

Ezequiel Morales Escalante

*Petitioner*

v.

Todd Blanche, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: August 4, 2025
Filed: August 10, 2026
[Unpublished]

——————————

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.

——————————

PER CURIAM.

Guatemalan citizen Ezequiel Morales Escalante petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision denying withholding of removal. *See* 8 U.S.C.

§ 1231(b)(3)(A). Morales Escalante primarily challenges the BIA's refusal to consider a family-based proposed particular social group.[1]

We agree with the government that Morales Escalante, who was represented by counsel before the agency, failed to exhaust a family-based particular social group. *See* 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (discussing the exhaustion requirement); *Lopez-Lopez v. Blanche*, 180 F.4th 1133, 1134 (8th Cir. 2026) (same). At a hearing before the immigration judge in 2020, Morales Escalante's counsel abandoned a family-based particular social group by stating he was solely relying a different proposed particular social group. *See Pinos Gonzalez v. Barr*, 929 F.3d 595, 597 (8th Cir. 2019) (concluding that counsel's concessions in immigration proceedings are binding on the petitioner, absent a showing of ineffective assistance of counsel). The BIA therefore properly invoked its waiver rule and declined to consider the family-based group. *See Pacheco-Moran v. Garland*, 70 F.4th 431, 440 (8th Cir. 2023) (explaining that, "[w]here the agency has properly applied its own waiver rule and not considered an issue first raised on appeal, we will not address that contention for the first time in a petition for judicial review"); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007). The BIA, moreover, had no duty to consider the family-based group sua sponte. *See Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008); *see also Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021).

Because Morales Escalante has failed to challenge the BIA's conclusion that the proposed particular social group he pursued at the 2020 hearing was not

---

[1]Morales Escalante does not challenge the BIA's determination that he waived review of the denial of asylum, protection under the Convention Against Torture, and voluntary departure. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not raised or meaningfully argued in the opening brief is waived).

cognizable, we conclude he has waived review of that dispositive determination. *See Uriostegui-Teran v. Garland*, 72 F.4th 852, 856 (8th Cir. 2023) (concluding that a petitioner's failure to establish a cognizable particular social group is dispositive of a claim for withholding of removal); *Chay-Velasquez*, 367 F.3d at 756. Finally, to the extent he contests the immigration judge's other grounds for denying his claim, the issues are unreviewable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) (stating that courts and agencies generally are not required to rule on issues that are unnecessary to the result they reach).

Accordingly, we deny the petition for review. *See* 8th Cir. R. 47B.

_____